[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12178

Non-Argument Calendar

_____

CHRISTOPHER THOMAS,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cv-01032-BJD-JBT

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Christopher Thomas, a Florida prisoner serving a life sentence for four counts of armed robbery, appeals through counsel the district court's denial of his *pro se* 28 U.S.C. § 2254 habeas corpus petition. We granted a certificate of appealability on the following issue:

> Whether trial counsel provided ineffective assistance by failing to object to: (1) the verdict form, as inconsistent with the jury instructions; or (2) the trial court's classification of the offenses as armed robbery, based on the jury's special finding that Thomas "actually possessed" a firearm?

Thomas asserts the state post-conviction courts both unreasonably determined the facts of his case and unreasonably applied the law to those facts. Specifically, he asserts the verdict form omitted findings required to convict him of armed robbery with a firearm, and the district court's finding to the contrary was an unreasonable determination of the facts. In so arguing, Thomas contends counsel was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984)[1] for failing to object to the verdict form, which only

_____

[1] The Sixth Amendment provides criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland*, 466 U.S. at 684–86. To succeed on an ineffective-assistance-of-counsel claim, a petitioner must

allowed the jury to find him guilty of simple robbery, and the re-classification of his conviction as armed robbery violated *Alleyne v. United States*, 570 U.S. 99 (2013). After review, we affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks and citation omitted). A state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). In other words, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id*. at 101 (quotation marks omitted).

The state court's decision was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (providing a federal court cannot grant habeas relief on a claim that was "adjudicated on the merits in State court

---

show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Id*. at 687.

proceedings" unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). First, it was a reasonable determination of the facts for the state court to find the jury's special finding—that Thomas "actually possessed" a firearm during the robbery—served the dual purposes of establishing his guilt as to armed robbery, while also establishing the necessary finding for the imposition of life sentences. Under Florida law, a court must impose a life sentence where a "prison releasee reoffender" commits a felony "punishable by life." Fla. Stat. § 775.082(9)(a)3.a. A Florida robbery offense is only punishable by life if the offender "*carried* a firearm or other deadly weapon" in the course of committing the robbery. *Id.* § 812.13(2)(a) (emphasis added). Importantly, "[a] finding that the defendant 'carried' a firearm under section 812.13(2)(a) reclassifies robbery into a higher degree of felony, increasing the potential maximum of punishment." *Grant v. State*, 138 So. 3d 1079, 1085 (Fla. 4th DCA 2014).

In *Grant*, Florida's Fourth District Court of Appeal determined the trial court had improperly sentenced the defendant under Florida's felony reclassification statute because the jury's special finding the defendant "carried" a firearm during a robbery did not amount to a finding that he "possessed" a firearm, as would have been necessary to trigger the sentencing enhancement. *Id.* at 1085–87. It explained the sentencing enhancement in the felony reclassification statute "is predicated on the defendant being 'found

to have been in *actual* possession of the firearm,'" and that statute defined possession of a firearm as "carrying it on the person [or] . . . ha[ving] the firearm within immediate physical reach with ready access with the intent to use the firearm." *Id*. (emphasis supplied). It concluded Florida's felony reclassification statute "explicitly defines 'possession' in a way that" is narrower than the term carried, and, thus, the jury's special finding the defendant "carried" a firearm during the robbery did not support the enhancement under the possession statute. *Id*. at 1086.

The state court reasonably determined there would have been no basis to object to the verdict form after deliberations, on the ground the jury had not found that Thomas "carried" a firearm as would be necessary to support an armed robbery conviction. Indeed, according to the state court's interpretation of Florida's robbery statute, Thomas necessarily "carried" a firearm, and, thus, committed armed robbery, if he "actually possessed" a firearm during the offenses. *See id*.

Considering the deference afforded to the state court's interpretation of its own robbery statute, the jury's special finding that Thomas "actually possessed" a firearm amounted to a determination of guilt as to armed robbery, and there would have been no basis to object to the verdict form after deliberations on the ground the jury had not found him guilty of that offense. *See Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1295 (11th Cir. 2017) (stating although an ineffective-assistance-of-counsel claim is a federal constitutional claim, when the validity of the claim that counsel failed to

raise turns on state law, we will defer to the state court's interpretation of its own law).

The state court also reasonably determined there would have been no basis for trial counsel to object on the grounds that the trial court improperly reclassified the offenses from simple robbery to armed robbery or imposed illegal sentences.  Given the state court's determination the jury had found Thomas guilty of armed robbery, by implication of the special finding that he "actually possessed" a firearm during the crimes, there would have been no merit to an objection that the trial court improperly reclassified the offenses to armed robbery.  *See* Fla. Stat. § 812.13(2)(a).

Similarly, there would have been no basis to object to the legality of the sentence, on *Apprendi* or *Alleyne* grounds, because, by finding Thomas guilty of armed robbery, the jury found him guilty of a robbery offense punishable by life, which triggered the mandatory life sentences.  *See* Fla. Stat. §§ 775.082(9)(a)3.a; 812.13(2)(a).  Thus, because the jury's verdict reflected all of the factual findings necessary to trigger the mandatory life sentences, any objection that the trial court violated *Apprendi* or *Alleyne* would have been meritless.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *Alleyne*, 570 U.S. at 108 (relying on *Apprendi* to determine "[f]acts that increase the mandatory minimum sentence

are . . . elements and must be submitted to the jury and found beyond a reasonable doubt").

Finally, as to Thomas's claim his counsel should have objected to the verdict form as inconsistent with the trial court's instructions, the state court reasonably determined such an objection would have lacked merit. Although Thomas correctly pointed out the verdict form did not contain the terms "armed robbery" or "robbery with a firearm," the absence of those terms did not make the verdict form inconsistent with the trial court's instructions because, based on the state court's interpretation of Florida law, the verdict form permitted the jury to find Thomas guilty of those offenses. *See Pinkney*, 876 F.3d at 1295; *Grant*, 138 So. 3d at 1085-87. Importantly, this Court must defer to the state post-conviction court's determination that the phrase "actually possessed" is narrower than the term "carried," as used in Florida's robbery statute. *See Pinkney*, 876 F.3d at 1295; *Grant*, 138 So. 3d at 1085-87. In light of that determination, by permitting a finding Thomas "actually possessed" a firearm during the robberies, the verdict form allowed the jury to find him guilty of all of the offenses for which the trial court had given instructions, and thus, there would have been no basis to object to the verdict form as inconsistent with the jury instructions. *See Grant*, 138 S. 3d at 1085-87.

Considering the state court's determination concerning the absence of any bases to object to the verdict form or sentences, the decision denying Thomas's Rule 3.850 motion was not contrary to, nor an unreasonable application of, *Strickland*, as "it is axiomatic

that the failure to raise nonmeritorious [objections] does not constitute ineffective assistance. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

**AFFIRMED.**